UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JOHN CLEVELAND, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No.: 3:05-CV-380 |
| ) | (VARLAN/GUYTON) |
| BLOUNT COUNTY SCHOOL ) | |
| DISTRICT 00050, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This civil action is before the Court on the Motion to Dismiss [Doc. 16] filed by defendant Blount County School District 00050 ("School District"). The defendant has raised a panoply of arguments as to why the claims against it should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). The plaintiffs have responded in opposition to the pending motion and the motion is now ripe for determination. The Court has carefully reviewed the pending motion and related pleadings [Docs. 17, 18, 19].

I.

This case was filed on August 4, 2005 by plaintiffs John Cleveland and Connie Cleveland individually and on behalf of their minor child, Brittney Cleveland, and by plaintiff Pat Johnson individually and on behalf of her minor children, Markiya Morrison and Vincent Morrison. The complaint stems from plaintiffs' allegations that they were subjected to a racially hostile educational environment. The minor plaintiffs claim that they were

subjected to racial harassment and racial stereotypes and they have been denied the full benefits of the educational programs at William Blount High School.

In addition to the School District, plaintiffs also sued Alvin Hord, William Blount High School, Christy Martin, Melissa Crabtree, John Dalton, Danny Galyon, and the Board of Education. The official capacity claims against the individual defendants were dismissed upon a motion to strike and the claims against William Blount High School and the Board of Education were dismissed because they are not entities capable of being sued [Doc. 14]. The parties subsequently agreed to the dismissal without prejudice of the individual defendants [Doc. 15], leaving the School Board as the sole remaining defendant.

II.

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) should not be granted "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). All well-pleaded allegations must be taken as true and be construed most favorably toward the non-movant. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003). While a court may not grant a Rule 12(b)(6) motion based on disbelief of a complaint's factual allegations, *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990), the court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Consequently, a complaint will not be dismissed pursuant to Rule 12(b)(6) unless there is no law to support the claims made,

the facts alleged are insufficient to state a claim, or there is an insurmountable bar on the face of the complaint.

III.

The Court will address the arguments made as outlined in defendant's motion.

1. Defendant first argues that the complaint contains legal conclusions and is devoid of factual allegations to support the plaintiffs' claims. Correspondingly, defendant argues that the allegations against the School District are so vague and generalized that the School District cannot reasonably determine applicable defenses. The plaintiffs respond that the complaint satisfies the requirements for notice pleading.

The plaintiffs are correct that they are only required to provide a short and plain statement of their claims. Fed. R. Civ. P. 8(a). Moreover, if the defendant believes that the complaint is so vague or ambiguous such that it cannot reasonably frame a responsive pleading, the defendant may move for a more definite statement of the claims pursuant to Fed. R. Civ. P. 12(e). Such a motion is a more appropriate remedy than the dismissal of the complaint. The plaintiffs' complaint will not be dismissed on this ground.

2. The defendant next argues that the adult plaintiffs, John and Connie Cleveland and Pat Johnson, have no standing to sue on their own behalf. Further, the defendant argues that the adult plaintiffs have failed to allege facts necessary to establish an invasion of a legally protected interest or a causal relationship between any injury and the School District's conduct. Specifically, the defendant contends that the School District owes no duty to the parents and that they are not the intended beneficiaries of any school program. The plaintiffs

respond by pointing to several paragraphs of the complaint in which they allege that the adult plaintiffs have suffered injuries as a result of defendant's conduct.

The adult plaintiffs will necessarily continue as parties in this case inasmuch as they are required to prosecute the claims of their minor children. *See* Fed. R. Civ. P. 17(c). Whether the adult plaintiffs can establish standing and pursue a claim on their own behalf under the asserted causes of action is more appropriately determined upon a properly supported dispositive motion or at trial following presentation of the evidence. Therefore, the plaintiffs' complaint will not be dismissed upon this ground.

3. Next, the defendant argues that the plaintiffs cannot maintain a direct action under the equal protection clause of the Fourteenth Amendment because constitutional violations by state officials are not cognizable directly under the Constitution. Instead, defendant asserts that 42 U.S.C. § 1983 provides the exclusive remedy for such constitutional violations. The plaintiffs do not directly respond to this argument, instead contending that they may pursue a § 1983 claim against a municipality based on the inaction theory.

The defendant is correct that the plaintiffs cannot bring a direct constitutional action against a municipality. Instead, such claims may only be pursued via a § 1983 action. *See Thomas v. Shipka*, 818 F.2d 496, 502 (6th Cir. 1987), *vacated and remanded on other grounds*, 488 U.S. 1036 (1989) ("there is no place for a cause of action against a municipality directly under the 14th Amendment because the plaintiff may proceed ... under § 1983."); *Stefanovic v. University of Tenn.*, 935 F. Supp. 950, 952 (E.D. Tenn. 1996) ("where a plaintiff states a constitutional claim under 42 U.S.C. § 1983, then that statute is the exclusive

4

remedy for the alleged constitutional violation"). Thus, to the extent that the plaintiffs have asserted claims under the Equal Protection clause, those claims will be deemed to arise under § 1983 and not as independent causes of action.

4.  The defendant next argues that the complaint contains no factual allegations to support claims under the First Amendment. Defendant points out that the complaint only references a First Amendment claim in the first paragraph and that no further allegations regarding a First Amendment claim are made. The plaintiffs respond that the defendant invaded their privacy and that the minor plaintiffs were not allowed to contact their parents/custodians regarding what was happening in the school. Plaintiffs suggest that they would be willing to amend the complaint to add more detailed allegations in support of their First Amendment claims.

With the exception of the sole reference to the First Amendment in paragraph 1, the complaint contains no other specific or general allegations regarding such a claim. To the extent that defendant contends that such a claim is insufficiently stated to allow defendant to respond, the defendant may move for a more definite statement of the claims pursuant to Fed. R. Civ. P. 12(e). Such a motion is a more appropriate remedy than the dismissal of the complaint at this time. The plaintiffs' complaint will not be dismissed on this ground.

5.  Defendant next argues that the complaint contains no direct or inferential factual allegations to support a procedural or substantive due process claim under the Fourteenth Amendment. Defendant points out that the plaintiffs do not allege any event requiring a pre-deprivation hearing. Defendant also argues that plaintiffs do not allege any

5

facts to support a substantive due process claim. The plaintiffs respond that they have alleged a procedural due process deprivation based on the defendant's failure to respond to racial complaints or to properly investigate the complaints. Plaintiffs then reference the alleged hit lists hung in the bathrooms, the use of racial epithets, and a school lock-down.

While their claims are asserted only generally, the plaintiffs have alleged both procedural and substantive due process claims. Whether the plaintiffs can successfully establish such claims is more appropriately determined upon the filing of a properly supported dispositive motion or at trial upon presentation of the evidence. To the extent that defendant contends that such claims are insufficiently stated to allow defendant to respond, the defendant may move for a more definite statement of the claims pursuant to Fed. R. Civ. P. 12(e). Such a motion is a more appropriate remedy than the dismissal of the complaint at this time. The plaintiffs' complaint will not be dismissed on this ground.

6. Next, the defendant argues that the complaint contains no direct or inferential factual allegations to support an equal protection claim under the Fourteenth Amendment. Defendant argues that the plaintiffs have failed to assert that their race had anything to do with the decisions made by the School District's personnel or that their complaints were handled differently than other students' complaints. The plaintiffs respond that this argument is outrageous and that the plaintiffs were treated differently due to their race.

A fair reading of the complaint reveals that plaintiffs' claims all stem from their alleged treatment due to their race. This argument is without merit, and the plaintiffs' complaint will not be dismissed on this basis.

7. The defendant next argues that the complaint contains no direct or inferential factual allegations to support the plaintiffs' Title VI claims. Defendant first asserts that Title VI protections are comparable to equal protection guarantees and therefore the Title VI claims should be dismissed for the same reasons as the equal protection claims. As noted above, this argument is without merit and does not provide a basis for dismissal of plaintiffs' complaint.

The defendant then asserts that plaintiffs summarily allege that the racially hostile environment has affected their enjoyment of and access to the School District's educational programs. The defendant contends that this allegation is without factual support. The plaintiffs respond that the defendant was on notice of many instances of racial hostility and did nothing.

Whether the plaintiffs can successfully establish such claims is more appropriately determined upon the filing of a properly supported summary judgment motion or at trial upon presentation of the evidence. To the extent that defendant contends that such claims are insufficiently stated to allow defendant to respond, the defendant may move for a more definite statement of the claims pursuant to Fed. R. Civ. P. 12(e). Such a motion is a more appropriate remedy than the dismissal of the complaint at this time. The plaintiffs' complaint will not be dismissed on this ground.

8. The defendant argues that the plaintiffs cannot recover punitive damages against a governmental entity in a § 1983 action. The plaintiffs respond that they agreed to

the dismissal of the individual defendants on the belief that they would be allowed to seek punitive damages.

Defendant is correct that a municipality is immune from punitive damages under 42 U.S.C. § 1983. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). To the extent the complaint asserts a claim for punitive damages under § 1983, that claim will be dismissed. The defendant also summarily argues that "governmental immunity and public policy also preclude an award of punitive damages in the other claims." [Doc. 17 at p. 13.] The Court cannot determine whether such damages are available or appropriate on the other claims asserted in this particular case until such issues have been fully briefed with a properly supported dispositive motion or at the trial of the case.

9. The defendant next argues that the plaintiffs' state law claims should be dismissed if the federal claims are dismissed. Because the Court has not dismissed the plaintiffs' federal claims, the state law claims will not be summarily dismissed.

10. The defendant argues that the plaintiffs' state constitutional claim is vague and generalized and does not identify the constitutional source of the right that was allegedly violated. Also, the defendant summarily argues without citation to authority that there is no direct action under the Tennessee Constitution. As noted above, if defendant contends that such claims are insufficiently stated to allow defendant to respond, the defendant may move for a more definite statement of the claims pursuant to Fed. R. Civ. P. 12(e). Such a motion is a more appropriate remedy than the dismissal of the complaint at this time. The plaintiffs' complaint will not be dismissed on this ground.

11. Next, the defendant argues that the School District is immune from the plaintiffs' negligence and respondeat superior claims. The defendant contends that the Governmental Tort Liability Act ("GTLA") does not remove immunity for violations of civil rights. *See* Tenn. Code Ann. § 29-20-205(2). Similarly, defendant argues that the GTLA does not remove immunity for discretionary actions such as the hiring, training, and supervision of employees. *See* Tenn. Code Ann. § 29-20-205(1). Plaintiffs respond that defendant is not immune from suit because its employees committed negligent acts and omissions within the scope of their employment.

The complaint asserts claims for "negligent failure to protect plaintiffs," "negligent hiring, training and supervision of employees and agents," and "respondeat superior." [Doc. 1 at ¶¶ 59-65.] The GTLA removes governmental immunity for injuries caused by the negligence of governmental employees with certain exceptions. It is unclear based on the present record whether those exceptions would apply to plaintiffs' claims. For example, Tennessee courts have held that "the hiring of governmental employees is not a discretionary act in every instance." *Doe v. Coffee County Bd. of Educ.*, 852 S.W.2d 899, 908 (Tenn. Ct. App. 1992). Thus, a determination as to whether the GTLA exception would apply to plaintiffs' negligent hiring claim could only be made upon consideration of a properly supported dispositive motion or after presentation of the proof at trial. Similarly, the Court cannot assess the viability of plaintiffs' other negligence claims based on the bare allegations of the complaint and defendant's motion. Accordingly, the plaintiffs' complaint will not be dismissed on this basis.

12. Finally, defendant argues that plaintiffs' claim under the "Tennessee law against discrimination" is vague and generalized and does not identify the source of the law alleged to be violated. As noted above, if defendant contends that such claims are insufficiently stated to allow defendant to respond, the defendant may move for a more definite statement of the claims pursuant to Fed. R. Civ. P. 12(e). Such a motion is a more appropriate remedy than the dismissal of the complaint at this time. The plaintiffs' complaint will not be dismissed on this ground.

IV.

Therefore, for all the reasons set forth herein, the defendant's motion to dismiss [Doc. 16] is **GRANTED in part** only to the extent that plaintiffs cannot recover punitive damages pursuant to a § 1983 claim. In all other respects, the motion to dismiss is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE